```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED
      JAN 27 2021
CLERK, U.S. DISTRICT COURT
By_____
           Deputy
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                     NO. 2:21-CR-6-Z

STEVEN ANTHONY REINHART

## FACTUAL RESUME

In support of Steven Anthony Reinhart's plea of guilty to the offense in Count One of the Information, Reinhart, the defendant, Frank Sellers, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 4, that is, Misprision of a Felony, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That a federal felony was committed, namely, wire fraud;

*Second.*  That the defendant had knowledge of the commission of the felony;

*Third.*   That the defendant failed to notify an authority as soon as possible. An "authority" includes a federal judge or some other federal civil or military authority, such as a federal grand jury, Secret Service, or FBI agent; and

*Fourth.*  That the defendant did an affirmative act, as charged, to conceal the crime.

---

[1] Fifth Circuit Pattern Jury Instruction 2.06 (5th Cir. 2019 ed.).

Steven Anthony Reinhart
Factual Resume—Page 1

## **STIPULATED FACTS**

1. Steven Anthony Reinhart admits and agrees that beginning on or about a date unknown and continuing until on or about July 27, 2018, he, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit: wire fraud, in violation of 18 U.S.C. § 1343, did conceal the same by providing auditors with false sales dates on buyer orders, and did not as soon as possible make known the felony to some judge or other person in civil and military authority under the United States, in violation of Title 18, United States Code, Section 4.

2. Reinhart and his co-conspirators did knowingly and with intent to defraud, devise, intend to devise, or participate in a scheme to unlawfully enrich Reagor Dykes Auto Group (RDAG), himself, and others, by deceiving Ford Motor Credit Company (FMCC) and fraudulently inducing it to send money to RDAG.

3. In 2014, Reinhart was hired by an RDAG entity, Reagor Auto Mall Ltd.

4. A "floor plan" is the term used to describe a loan taken out by an auto dealership to purchase its vehicle inventory.

5. RDAG received funds from FMCC under its floor plan loan by means of wire communications in interstate commerce. Likewise, RDAG requested floor plan loan proceeds and frequently interacted with FMCC by means of wire communications in interstate commerce.

6. Under its FMCC floor plan loan agreement, RDAG was required to repay FMCC those monies loaned to it by FMCC within seven days of the sale of any vehicle floor-planned by FMCC.

Steven Anthony Reinhart
Factual Resume—Page 2

7. RDAG routinely and intentionally failed to make those payoffs within the seven days required, which is commonly referred to as "selling vehicles out of trust." RDAG's failure to timely make such payoffs and its corresponding practice of selling vehicles out of trust constituted a violation of the wire fraud statute, 18 U.S.C. § 1343.

8. Reinhart knew that RDAG was selling vehicles out of trust.

9. To conceal the fact that RDAG was selling vehicles out of trust, in violation of 18 U.S.C. § 1343, Reinhart provided auditors, at the Lubbock Mitsubishi store, with false sale dates on buyer orders to make FMCC and its auditor believe that such vehicles were not being sold out of trust and that RDAG was complying with the requirement that it payoff such vehicles within the seven days required under the floor plan loan agreements. Such active concealment constituted a violation of the misprision statute, 18 U.S.C. § 4.

10. Not only did Reinhart have knowledge of the wire fraud described above (i.e., selling vehicles out of trust), but he also failed to notify an authority as soon as possible of the fact that RDAG were selling vehicles out of trust.

11. Reinhart agrees that he committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this 26th day of January, 2021.

_____
Steven Anthony Reinhart
Defendant

_____
Frank Sellers
Attorney for Defendant

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

_____
JOSHUA FRAUSTO
Assistant United States Attorney
Attorney-in-Charge
Texas State Bar Number 24074228
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Telephone:   806-324-2356
Facsimile:    806-324-2399
E-mail:         joshua.frausto@usdoj.gov