IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:21-CR-6-Z |
| STEVEN ANTHONY REINHART | |

### JOINT MOTION TO CONDUCT GUILTY PLEA VIA VIDEO TELECONFERENCE

Defendant, Steven Anthony Reinhart, by and through counsel, asks the Court to conduct his initial appearance and rearraignment (guilty plea) via video teleconference. The government joins in this motion. In support thereof, the parties state as follows:

1. Due to the Novel Coronavirus Disease (COVID-19) and pursuant to Special Orders 13-5, 13-6, 13-7, 13-8, 13-9, and 13-11, regarding Court Operations Under the Exigent Circumstances Created by COVID-19 Pandemic, court proceedings in the Northern District of Texas have been continued to protect the health and safety of the public, defendants, and court personnel. Special Order 13-9 references the Coronavirus Aid, Relief and Economic Security Act (CARES Act) and the findings of the Judicial Conference of the United States, and it authorizes the use of video teleconferencing for several types of hearings, including rearraignments (guilty pleas).

2. The parties agree that delaying the guilty plea in this matter would seriously harm the interests of justice for several reasons. First, awaiting a date to complete this portion of the criminal process is only adding stress to the defendant. The defendant has signed a written plea agreement, that plea agreement has been filed, and the defendant is ready to

complete his guilty plea so that the defendant can focus on sentencing. Second, the defendant would prefer to expedite the criminal process so the defendant can be transferred to a Bureau of Prisons facility, which will likely offer better educational and rehabilitative opportunities for the defendant. Third, the United States has an interest in proceeding with the guilty plea in this case so it can turn its attention to other pending criminal matters. Fourth, an indefinite delay in the guilty plea could undermine the public's confidence in the judicial system and its ability to function during this crisis.

3. The parties do not anticipate any issues at the guilty plea. As noted, the parties have filed a written plea agreement in this case that sets out in great detail the parties' agreement. The parties are only asking the Court to ratify that agreement by recommending that it be accepted by the district court.

4. Defendant has the right (1) to be physically present at the guilty plea; (2) address the Court in person; (3) for more fulsome public access to the guilty plea; and (4) to consult privately with counsel during the guilty plea. Defendant has discussed these rights with defense counsel. Defendant understands that Defendant will be in a different physical location than the presiding judge and counsel, and that proceeding with a guilty plea via video teleconference may impact these rights. Nonetheless, after consulting with counsel, Defendant has determined that is in Defendant's best interest to proceed with a guilty plea now, using video teleconference, rather than waiting for an in-person court appearance later.

5. After conferring with counsel, and pursuant to Section 15002 of the CARES Act, Defendant consents to proceeding with the hearing via video teleconference.

**Joint Motion to Conduct Guilty Plea via Video Teleconference – Page 2**

6.    The parties therefore jointly request that the Court conduct Defendant's guilty plea via a video teleconference. They further ask that the Court explicitly make findings, pursuant to Section 15002 of the CARES Act, that for "specific reasons . . . [the] rearraignment (guilty plea) . . . cannot be further delayed without serious harm to the interests of justice."

Respectfully submitted,

/s/ Frank Sellers
FRANK SELLERS
Attorney for Defendant

/s/ Joshua Frausto
JOSHUA FRAUSTO
Assistant United States Attorney
Attorney-in-Charge
Texas Bar No. 24074228
500 South Taylor Street, Suite 300
Amarillo, Texas 79101
Tel: 806-324-2356
Fax: 806-324-2399

Steven Anthony Reinhart
Defendant